```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF GEORGIA
                         ATLANTA DIVISION

JOSIAH WILLIAMS,                  :   HABEAS CORPUS
BOP No. 09576-029,                :   28 U.S.C. § 2241
     Petitioner,                  :
                                  :
     v.                           :   CIVIL ACTION NO.
                                  :   1:12-CV-316-TWT-ECS
WARDEN KELLER,                    :
     Respondent.                  :
```

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on federal inmate Josiah Williams' "Motion for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. §2241" [Doc. No. 1], the government's "Answer and Response in Opposition to Petition for Writ of Habeas Corpus" [Doc. No. 3], and Mr. Williams' "Response to Respondent's Reply to Motion for 28 U.S.C. §2241 Relief" [Doc. No. 5]. For the following reasons, the undersigned **RECOMMENDS** that Mr. Williams' § 2241 Petition be **DISMISSED WITHOUT PREJUDICE.**

Mr. Williams acknowledges in his petition that it is the policy of the Federal Bureau of Prisons ("BOP") to consider each inmate for up to 12-months confinement in a residential re-entry center ("RRC") at the conclusion of his term of imprisonment, per 18 U.S.C. §§ 3621(b) and 3624(c), starting "17-19 months from release." [Doc. No. 1 at 22]; see also [Doc. 3 at 3]. Mr. Williams further acknowledges that the BOP offers a three-tier administrative grievance process. See [Doc. No. 1 at 12-13]; see

also 28 C.F.R. §§ 542.10-542.19. And Mr. Williams further acknowledges that exhaustion of administrative remedies is ordinarily a prerequisite to filing a § 2241 action. See [Doc. No. 1 at 13]. Mr. Williams asserts, however, that it would be "futile" to require him to do so here, because senior policymakers at the BOP have publicly announced the view that in typical cases a 6-month placement in an RRC rather than the maximum 12-month placement in an RRC is generally appropriate. See [id. at passim]. Mr. Williams then speculates that the BOP may designate him for an RRC placement of less than 12 months. See [id.]. And, although his projected release date still lies more than three years in the future, see [id. at 1]; see also [Doc. No. 3-1 at 8], Mr. Williams has filed this § 2241 motion requesting that he be considered immediately for an RRC placement. See [Doc. No. 1 at 25].

Mr. Williams' § 2241 motion should be dismissed without prejudice, for two reasons. First, Mr. Williams' concerns about how the BOP might (mis)apply §§ 3621(b) & 3624(c) in his case are conjectural, and he lacks standing to bring suit. Second, Mr. Williams failed to exhaust all available administrative remedies before filing his § 2241 motion.

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" Hollingsworth v. Perry, 133 S. Ct. 2652, 2661 (2013) (quoting U.S.

2

Const. art. III, § 2). "One essential aspect of this requirement is that any person invoking the power of a federal court must demonstrate standing to do so." Id. To have standing, a litigant "must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the [Respondent] and likely to be redressed by a favorable judicial decision." Lexmark Int'l, Inc. v. Static Control Components, Inc., No. 12-873, 2014 U.S. LEXIS 2214, at *13 (Mar. 25, 2014).

As noted above, Mr. Williams filed his § 2241 motion at a time when more than three years remained on his term of imprisonment, long before the BOP was scheduled to review him for an RRC placement. Indeed, the BOP has not issued any decision yet with respect to the length of Mr. Williams' RRC placement. Thus, because Mr. Williams has not suffered and is not imminently threatened with the requisite injury in fact, he lacks standing to sue, and this, by itself, is a sufficient basis to dismiss without prejudice his § 2241 motion.

Anticipating this result, Mr. Williams argues in his Reply that this Court should nonetheless "jump at the chance to correct such an unfair practice" – meaning the BOP's expressed view that 6-month RRC placements are adequate for most prisoners to prepare to transition back into society – "and thus preserve judicial

3

resources from the many cases from other defendants who will be raising this same claim." See [Doc. No. 5 at 3]. But the Supreme Court has "repeatedly held that . . . a 'generalized grievance,' no matter how sincere, is insufficient to confer standing." Hollingsworth, 133 S. Ct. at 2662. And, where a party lacks standing, federal courts "must put aside the natural urge to proceed directly to the merits of [an] important dispute and to 'settle' it for the sake of convenience and efficiency." Raines v. Byrd, 521 U.S. 811, 820 (1997) (footnote omitted).

Furthermore, Judge Thrash, the district judge to whom this case is assigned, has previously held that, although "[t]here is no Eleventh Circuit case precisely on point, . . . case law in close proximity weighs heavily in favor of requiring exhaustion of administrative remedies [in this situation]." He has also held that there is no futility exception" in § 2241 cases regarding prisoner placement in Community Confinement Centers, the predecessors to RRCs. Galaviz v. Zenk, No. 1:07-CV-671-TWT, 2007 U.S. Dist. LEXIS 61698, at * 2 (N.D. Ga. Aug. 21, 2007) (citing cases). And a recent, albeit unpublished and non-precedential, Eleventh Circuit opinion states that: "Prisoners seeking habeas relief pursuant to § 2241 are subject to administrative exhaustion requirements" that are "jurisdictional." Krist v. Eichenlaub, 386 F. App'x 920, 923 (11th Cir. 2010) (quotation marks and citations omitted). In light

4

of these decisions and notwithstanding Mr. Williams' contention that it would be "futile" to require him to have exhausted administrative remedies before initiating this action, his acknowledgment that he failed to exhaust administrative remedies is another basis on which his § 2241 motion should now be dismissed without prejudice.

For the foregoing reasons, the undersigned **RECOMMENDS** that Mr. Williams' § 2241 motion be **DISMISSED WITHOUT PREJUDICE**.[1]

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 18th day of April, 2014.

> *S/ E. Clayton Scofield III*
> E. CLAYTON SCOFIELD III
> UNITED STATES MAGISTRATE JUDGE

---

[1] Mr. Williams may file another § 2241 motion in the future if he (1) suffers or is imminently threatened with an injury adequate to confer standing and (2) exhausts available administrative remedies.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOSIAH WILLIAMS, | : | HABEAS CORPUS |
| BOP No. 09576-029, | : | 28 U.S.C. § 2241 |
| Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-316-TWT-ECS |
| WARDEN KELLER, | : | |
| Respondent. | : | |

**ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be

AO 72A
(Rev.8/82)

limited to a plain error review.  <u>United States v. Slay</u>, 714 F.2d 1093 (11th Cir. 1983).

    The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

    **SO ORDERED,** this 18th day of April, 2014.

                           ***S/ E. Clayton Scofield III***
                           E. CLAYTON SCOFIELD III
                           UNITED STATES MAGISTRATE JUDGE